CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
OCT 03 2008
JOHN F. CORCORAN, CLERK
BY: /s/ S. Taylor
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| COY E. WADE, et al., | ) |
| | ) |
| Plaintiff | ) |
| v. | ) Civil Action No. 4:07cv009 |
| | ) |
| DONALD G. ALDERMAN, et al., | ) |
| | ) |
| Defendant | ) |

## FINAL ORDER

This action is pending before the Court under the Quiet Title Act, 28 U.S.C. § 2409a, as it involves title to real property in which the United States claims an interest. It has been reported to the Court that the parties hereto have entered into a Settlement Agreement resolving all of the matters in controversy among them. The Court has received the report of the Magistrate Judge and the endorsed Settlement Agreement, which is attached as Exhibit A. The Court further understands that pursuant to paragraph 6 of the Settlement Agreement, the Magistrate Judge has resolved certain details of the settlement regarding log trucks and appropriate density restrictions. Based on the foregoing, the Court deeming it proper to do so, it is hereby **ORDERED** as follows:

1. The United States and the defendants Donald G. Alderman, Marge Alderman, Edna McAlexander and Cheryl H. Baker (hereinafter, "the Alderman defendants"), by virtue of the entry of this Order, are deemed to have granted to the plaintiffs and William F. Morrisette, Ann Morrisette, David W.A. Morrisette and Morrisette Paper Company (hereinafter, "the Morrisette defendants") a permanent easement and right of way together with the right and duty

to construct and thereafter maintain at their sole cost and expense along a route (hereinafter, "the Driveway"), not to exceed ten feet in width (plus two feet on each side of the Driveway for drainage) from what has been referred to in the pleadings and herein as "the 1969 roadway" at or near NPS Monument 120 in a southerly direction across lands owned by the United States, thence following the boundary line of the Marge Alderman / Wood property and on the Marge Alderman property to the southeast corner of the Wood property, thence on lands owned by the Morrisette defendants to the point marked "gate" on the "Access and Parcel Map" prepared by the United States, a copy of which is attached hereto as Exhibit B; thence with the current road to the lands of the plaintiffs and the Morrisette defendants. The costs and expenses of construction and maintenance of the Driveway shall be borne by the plaintiffs and the Morrisette defendants, per capita. For purposes of the "per capita" contribution, a husband and wife who are married to each other shall be considered as one "person."

2. The United States, the Alderman defendants and defendant Yearout, by virtue of the entry of this Order, are deemed to have granted to the plaintiffs and the Morrisette defendants a permanent easement and right of way not to exceed 10 feet in width (plus two feet on each side for drainage) across lands owned by the United States from the Driveway, thence along the 1969 roadway in a westerly direction for access to the Rock Castle access point to the Blue Ridge Parkway and further on to State Route 709. The plaintiffs and the Morrisette defendants shall pay 50% and the remaining property owner defendants (excluding the United States) shall collectively pay 50% of costs of maintaining the existing 1969 roadway from the Driveway in a westerly direction to the Blue Ridge Parkway and State Route 709.

2

3. The United States, by virtue of the entry of this Order, is deemed to have granted to the Morrisette defendants a permanent easement and right of way not to exceed 10 feet in width (plus two feet on each side for drainage) for the purpose of using and maintaining at the sole cost and expense of the Morrisette defendants a driveway from the 1969 roadway in a southerly direction across lands owned by the United States to an existing farm road on lands formerly owned by Moran and currently owned by the Morrisette defendants.

4. Use of the driveways and any portion of the 1969 roadway by any party shall be limited to residential and agricultural uses, expressly excluding any right to use the driveways or the 1969 roadway for any purpose associated with logging or timbering operations, and the operation of logging trucks on the driveways or any portion of the 1969 roadway is prohibited. The prohibition against log trucks does not apply to the property owned by Monty Yearout and the portion of the easement leading directly from his property at NPS Monument 124 to the Blue Ridge Parkway and State Route 709, as Yearout had direct access to these roads from his property prior to the construction of the 1969 roadway.

5. The exact locations and courses of the driveways shall be approved by the United States and shall be as described by metes and bounds on surveyors plats prepared at the sole cost and expense of the plaintiffs and the Morrisette defendants. Such approval shall not be unreasonably withheld.

6. The plaintiffs may use the Driveway described in paragraph 1 as their sole means of ingress and egress to the 1969 roadway. Marge and Donald Alderman and the Morrisette defendants may use the Driveway as one means of ingress and egress to the 1969 roadway. The

Morrisette defendants shall have the sole and exclusive right to use the driveway and farm road described in paragraph 3.

7. The plaintiffs and the Morrisette defendants shall have reasonable temporary easements as may be necessary for the sole and limited purposes of constructing and maintaining the driveways described in paragraphs 1 through 3, provided that plaintiffs and Morrisette defendants shall be solely responsible for restoration and erosion control of the construction easement areas.

8. The plaintiffs shall sell to the defendant Baker, and the defendant Baker shall purchase from the plaintiffs that certain tract or parcel of land formerly known as the Spangler property, together with the improvements thereon, for the total price of $75,000.00. Closing on the sale of the property shall take place on or before November 18, 2008.

9. The plaintiffs shall have temporary use of the farm road on the Morrisette property until August 1, 2009 pending construction of the driveways identified in paragraphs 1 and 2. If construction is not completed by August 1, 2009, the parties have agreed to return to the Magistrate Judge for resolution of the access issue until construction of the driveways is completed. The plaintiffs and the Morrisette defendants shall use their best efforts to expeditiously undertake and complete construction of the driveways by August 1, 2009. The United States agrees to use its best efforts to expedite the road construction permit process as it relates to the driveways to facilitate completion of the driveways by August 1, 2009.

10. The plaintiffs and their heirs, successors and assigns, of the easements set forth herein shall be subject to the restrictions and limitations set forth in this paragraph. Use of the driveways described in paragraphs 1 and 2 and any portion of the 1969 roadway by any party

4

plaintiff shall be limited to single family residential and agricultural uses and shall serve only "covered properties" as that term is defined herein. The purpose of the restriction in this paragraph is to limit the density of the properties served by these driveways and to minimize the amount of traffic and use of the driveways. The National Park Service has proposed, and the Court adopts, the following general density restrictions with respect to the use of the easements created herein. "Covered properties" shall mean each of the exact, separate tracts of land owned by the parties plaintiff as of August 18, 2008 as identified in the Complaint. Each covered property that consists of 50 to 100 acres or more may be subdivided into not more than three tracts. Each covered property that consists of 10 acres or more but less than 50 acres may be subdivided into not more than two tracts. Each covered property that consists of less than 10 acres may not be subdivided. The number of structures on each tract shall be limited to one single family dwelling or residence plus two nonresidential structures such as a storage shed, garage or barn. Permanent campers or house trailers shall not be permitted.

11. Use of the driveways described in paragraphs 1 through 3 and any portion of the 1969 roadway by the Morrisette defendants shall be limited as set forth in the Conservation Easement between the Morrisette family as Grantors and the United States as Grantee, dated August 18, 2008. This easement provides for the construction of no more than eight (8) single family dwellings.

12. All parties and their invitees shall have the right to quiet enjoyment of the driveways and roadways referenced herein, and they shall not threaten, harass, bother or molest any other party or their invitees. It is expressly prohibited to tamper or destroy any locks (including packing mud therein), gates, fences or other private property of any party.

13.     The parties hereto shall execute such other and further documents as may be necessary to effectuate the terms of this Order.

14.     The foregoing Order shall constitute full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen, and the consequences thereof, resulting, and to result, from the subject matter that gave rise to the above-styled lawsuit. Provided, however, that any party may petition the Court for redress of any violation of the terms of this Order. In addition to any other remedies that may be available at law or equity, violation of this Order may be punishable as contempt.

15.     The burdens and benefits of this Order shall inure to and be binding upon the parties, their heirs, successors and assigns.

16.     Each party shall bear their own costs and attorneys fees.

17.     The parties shall, at their sole cost and expense, cause a copy of this Order to be recorded in the Clerk's offices of the Circuit Courts of Patrick and Floyd Counties.

Enter this 3rd day of Oct., 2008.

_____
Samuel G. Wilson
United States District Judge

6